IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 1:00-cr-00037-MP-AK

CLINTON JOSEPH PONCE, III,

    Defendant.
_____/

**O R D E R**

This matter is before the Court on Doc. 55, Second Motion for Writ of Habeas Corpus ad prosequendum, by Clinton Joseph Ponce, III. In his motion, Defendant requests that he be ordered produced for a first appearance on an outstanding petition for violation of supervised release.

While the Government is correct that Defendant has no speedy trial right to immediate execution of the warrant which was issued by this Court on February 17, 2006, *see United States v. Tippens*, 39 F.3d 88, 89 (5th Cir. 1994), his Due Process rights are implicated. *Id*. at 90. Indeed, "a delay in executing a violator's warrant may frustrate a probationer's due process rights if the delay undermines his ability to contest the issue of the violation or to proffer mitigating evidence." *Id*. Thus, the question is whether Defendant will be prejudiced by further delay in executing the warrant and bringing him forward on the outstanding violations charges. *Id*. The frustration of a defendant's ability to serve federal and state sentences concurrently is insufficient to establish prejudice. *Id*.

With that said, the Court requires additional information before it proceeds. Accordingly, it is **ORDERED**:

That, no later than **June 30, 2006**, Defendant shall submit any additional argument and/or evidence regarding whether further delay in executing the warrant in this case will undermine his ability to contest the issue of the violation or to proffer mitigating evidence;

That, no later than **July 10, 2006**, the Government may file a response thereto.

**DONE AND ORDERED** this *20th* day of June, 2006.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**